WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Joseph Guy Stern Jr.,
    Petitioner,
v.
Dora B. Schriro, et al.,
    Respondents.

CV 06-16-TUC-DCB

**ORDER**

<u>BACKGROUND: Petitioner's Claim</u>

On January 17, 2006, Petitioner Stern filed a Petition for Writ of Habeas Corpus alleging violations of his Sixth Amendment right to effective assistance of counsel during the pre-trial investigation stage and trial stage of proceedings. (Petition at 5.)  He alleges that his attorney failed to effectively represent him at trial and on appeal.  Specifically, he alleges the following instances of ineffective assistance:

1. Trial counsel failed to investigate, examine or pursue medical evidence related to head injuries that cause deaths in infants and young children that would have supported Defendant's theory that the victim's death was caused accidentally and not intentionally.

2. Trial counsel failed to review Fry's store surveillance tapes that would have established that he was "not home alone" when the victim lapsed into a comatose state.

3. Trial counsel failed to pursue severance of his trial from his co-defendant, which would have resulted in a reversal of his case on direct appeal.

*Id.*; *see also* (Accompanying Memorandum filed 1/17/06.)

On July 14, 2006, the Respondents answered the Petition.  Respondent asserts that the Petition is untimely and should be dismissed.  Also, Respondent argues that the

federal claims asserted by the Petitioner must be dismissed because they are precluded by his failure to exhaust their review before the Arizona Supreme Court and have been procedurally defaulted in the state courts under Rule 32.2(a)(3).

Petitioner argues that even if Defendant is correct, any procedural default of his claims is overcome and he may obtain federal review of the merits of his claims by demonstrating that evidence exists of his actual innocence sufficient to implicate a fundamental miscarriage of justice that warrants habeas relief. He also asserts cause and prejudice because he instructed his attorneys to file the claims he seeks to raise here with the state courts pursuant to a Rule 32 motion for post conviction relief (PCR motion), but they failed to do so and then delayed in sending him his records so he could not timely exhaust these claims in the state courts. By these allegations, Petitioner asserts that his PCR attorneys provided ineffective assistance of counsel. (Petition at Accompanying Memorandum.)

Respondents correctly assert procedural bar, but fail to respond to Petitioner's assertion of actual innocence. The Court calls for further briefing of this gateway exception to procedural default of Petitioner's claims.

## WRIT OF HABEAS CORPUS: 28 U.S.C. § 2254

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law that is binding on state courts. *Engle v. Isaac*, 546 U.S. 107, 119 (1982); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985). In other words, a writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), "to restrict the availability of habeas corpus relief," *Greenawalt v. Stewart*, 105 F.3d 1268, 12751 (9th Cir. 1997), specifically as follows:

2

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1).

In deciding whether the state court ruling was contrary to or involved an unreasonable application of the law, this Court looks exclusively to the holdings of the United States Supreme Court. A state court decision is contrary to clearly established Supreme Court precedent if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court confronts facts that are materially indistinguishable from relevant Supreme Court precedent and arrives at a result opposite that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court's application of clearly established Supreme Court law is unreasonable where the state court identifies the correct governing legal principal but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 407. This is an objective assessment, *id.* at 378; an objectively unreasonable application of federal law is different from an incorrect application of federal law. *Id.* at 410.

It is not enough that the state court erroneously or incorrectly applied clearly established Supreme Court precedent, "rather the application must also be unreasonable." *Id.* at 411. Accordingly, a writ only issues if the federal reviewing court has a firm conviction that the state court committed clear error in its application of Supreme Court precedent. *Van Tran v. Lindsey*, 212 F.3d 1143, 112, 1153-54, 1157 (9th Cir. 2000). In

3

other words, a Petitioner will not prevail even if he has the better of two reasonable legal arguments because a writ will issue only if this Court has *a firm conviction* that one answer, the one proposed by Petitioner and rejected by the state court, was correct and the other, the one adopted by the state court was erroneous. *Shackleford v. Hubbard*, 234 F.3d 1072, 1077 (9th Cir. 2000) (*quoting Van Tran*, 212 F.3d at 1153-54).

Stern's Petition was filed after April 24, 1996, the AEDPA's effective date, so the provisions of the Act apply to this case. *Patterson v.* Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (*citing Smith v. Robbins,* 528 U.S. 259, 268 n. 3 (2000)).

<div align="center">Timeliness: 1-Year Statute of Limitations</div>

The AEDPA imposed, for the first time, a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1). The limitation period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, whichever comes latest. *Id.* To calculate when the clock starts running for the one-year statute of limitations period, the conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of conviction, which is 90 days. *Clay v. United States*, ___ U.S. ____, ____, 123 S. Ct. 1072, 1074 (2003) (conviction becomes final 90 days later, when the time for filing a petition for writ of certiorari expires); *see Bowen v. Roe*, 118 F.3d 1157, 1159 (9th Cir. 1999) (period of direct review includes the period within which a petitioner can file a petition for writ of certiorari with the United States Supreme court whether or not such a petition is filed).

In 1994, Stern was sentenced to life in prison for two counts of child abuse and one count of felony first-degree murder for the death of a 2-year-old girl. His sentence and conviction became final **July 31, 1996**, when the Arizona Court of Appeals issued the mandate denying his direct appeal of his conviction. The Petition, filed on **January**

4

**17, 2006**, must be dismissed as untimely unless Petitioner can establish a basis for tolling the one-year limitation period.

The running of the statute of limitations is tolled for any period of time during which a properly filed application for state post-conviction review is pending and continues to toll while a Petitioner appeals the denial of a state application in state court. *Welch v. Newland*, 267 F.3d 1013, (9th Cir. 2001). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation."

The Supreme Court interpreted this statutory tolling provision as covering the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. *Carey v. Saffold*, 536 U.S. 214 (2002). The Court held that the definition of "pending," within the context of 2244(d)(2), "means that an application is pending as long as the ordinary state collateral review process is "in continuance" – i.e., "until the completion of" that process." *Id.* at 220. "In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Id.*

The Court explained that any other definition would defeat the important principle of exhaustion codified in the AEDPA, 28 U.S.C. § 2254(c), that a federal habeas petitioner must exhaust his state remedies as long as he has "'the right under [state] law . . . to raise' in the State, 'by any available procedure, the question presented.'" *Id.* Otherwise, the AEDPA's one-year statute of limitations would require state prisoners to file federal habeas petitions before the State completes a full round of collateral review. *Id.*

Filing for post-conviction relief in state court triggers the tolling of the statute of limitations for filing a federal petition for a writ of habeas corpus. The Court looks at the state's laws and rules governing filings, and considers whether anything would prevent

the petition from being placed in the court's record. *Dictado v. Ducharme*, 244 F.3d 724, 726-27 (9th Cir. 2001) (*following Artuz v. Bennett*, 531 U.S. 4, 8-11 (2000) (holding that federal courts look to state law when analyzing AEDPA's tolling provision). It is undisputed that Petitioner's PCR motions for post-conviction relief were properly filed with the trial and appellate courts of Arizona for purposes of entry into the record.

Here, the direct appeal was final on July 31, 1996, and the Petitioner filed his first notice of PCR on July 15, 1996. He was appointed counsel, and his attorney filed the corresponding petition/memorandum for PCR on February 27, 1998. On July 9, 1998, the trial court denied PCR because all the claims were precluded. The Arizona appellate court affirmed the trial court on June 30, 1999, pursuant to Arizona Rules of Criminal Procedure, Rule 32.2(a)(3).[1] The mandate denying PCR issued on August 6, 1999.

Before dismissal of the first Rule 32 motion for PCR was final, Petitioner filed a second notice of PCR on March 3, 1999, and counsel filed a corresponding "second" PCR petition/memorandum on October 19, 2000. The trial court denied the PCR motion on February 2, 2001, because all the claims were precluded. On June 21, 2001, the Arizona Court of Appeals affirmed the trial court, pursuant to Ariz. R. Cr. P. 32.2(a)(3). The mandate dismissing the "second" PCR motion issued on October 4, 2001.

On December 10, 2002, Petitioner filed his "third" request in state court for PCR, simultaneously filing the notice and the petition/memorandum. On July 28, 2003, the trial court again denied PCR because all the claims were precluded. On September 13, 2004, the appellate court again affirmed the dismissal of the PCR motion, pursuant to Rule 32.2(a)(3). The Supreme Court of Arizona denied review on December 29, 2004. The court of appeals issued its mandate on February 10, 2005. Eleven months and seven

---

[1]Ariz. R. Cr. P. 32.2(a)(3) provides for preclusion of claims waived at trial, on appeal, or in any previous collateral proceeding.

6

days later, on January 17, 2006, Petitioner filed this case seeking habeas relief pursuant to 28 U.S.C. § 2254.

The statute of limitations ran from when the mandate issued dismissing the "second" PCR motion, **October 4, 2001**, to when the Petitioner filed the "third" PCR motion, **December 10, 2002**, because approximately one year and two months elapsed. An additional eleven months passed after his "third" PCR motion before Petitioner filed this action on **January 17, 2006**. His federal habeas Petition is barred by the statute of limitations.

<center>Exhaustion: Procedural Default</center>

The procedural posture of a Petition is as important as its timeliness because 28 U.S.C. § 2254(b) provides for the presentation of claims of constitutional magnitude to the district courts as follows:

> (1) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of State court shall not be granted unless it appears that–(a) the applicant has exhausted the remedies available in the courts of the State; or (b) (i) there is an absence of available State corrective process; or . . .
>
> (2) An applicant for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available to the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirements or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

Before a federal district court may consider a state prisoner's application for relief under 28 U.S.C. 2254, the prisoner must have exhausted, in state court, every claim raised in his petition. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Castille v. Peoples*, 489 U.S. 346, 349 (1989). To properly exhaust remedies, the prisoner must have afforded the state courts the opportunity to rule on the merits of his federal constitutional claim by fairly presenting the claim to the state courts in a procedurally

appropriate manner. *Id.* at 351-52; *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

State prisoners, except those sentenced to death or life imprisonment, exhaust state court remedies by presenting their claims to the Arizona Court of Appeals. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). When a life sentence has been imposed, the "complete round" requires a defendant to seek discretionary review of his claims by the Arizona Supreme Court. *Id.* "If state remedies have not been exhausted, a district court is directed to provide the habeas petitioner "with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).[2]

If a federal constitutional claim can no longer be raised because of a failure to follow the state's prescribed procedure for presenting such an issue the claim is "technically" exhausted but procedurally defaulted because Petitioner failed to present the claim to the state's highest court in a procedurally proper manner. *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (*quoting Calderon*, 96 F.3d at 1129 (quoting *Coleman*, 501 U.S. at 729-30)); *White v. Lewis,* 874 F.2d 599, 602-03 (9th Cir. 1989).

The procedural default doctrine applies to bar a federal habeas claim when a state court declined to address a prisoner's claims because the prisoner failed to meet a state procedural requirement. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32l; *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305-06 (9th Cir. 1996). Even if the state court also addressed the merits of the underlying federal claim as an alternative ruling, the claims are nevertheless procedurally defaulted and barred from federal consideration. *Harris v. Reed,* 489 U.S. 255, 264 n. 10 (1989)); *Poland v.*

---

[2] A "mixed" Petition with exhausted and unexhausted claims may be held in abeyance until state claims are exhausted, so that subsequently the prisoner may file an amended habeas petition inclusive of all his claims. *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 986-88 (9th Cir. 1998); *Anthony v. Cambra*, 236 F.3d 568, 573 (9th Cir. 2000); *Rose,* 455 U.S. at 510.

8

1  *Stewart,* 151 F.3d 1014, 1021 n. 7 (9th Cir. 1998); *Carriger v. Lewis,* 971 F.2d 329, 333

2  (9th Cir. 1992).  A subsequent "silent" denial of review affirms the lower court's

3  application of a procedural bar.  *Nunnemaker,* 501 U.S. at 803; *Acosta-Huerta v. Estelle,*

4  7 F.3d 139, 142 (9th Cir. 1992).

5        The procedural default doctrine also applies when the prisoner has not presented

6  a claim in state court, but pursuant to the state court's procedural rules, there are no

7  currently available state court remedies or procedures to obtain review of the claim.

8  *Teague v. Lane,* 489 U.S. 288, 297-99 (1989); *Engle,* 456 U.S. at 125 n. 8; *White,* 874

9  F.2d at 602.

10        Here, the Petitioner was sentenced to life in prison so he was required to exhaust

11  his claims before the Arizona Supreme Court, which he only did with his third PCR

12  motion.  He is, therefore, precluded from raising all the claims he raised in his first and

13  second PCR motions, including claims addressed on the merits, such as his severance

14  claim.

15        Additionally, even when the state courts discussed the merits of his claims, they

16  nevertheless found his claims procedurally defaulted.  Specifically, the state court found

17  the claim that his trial counsel failed to investigate and/or pursue medical evidence related

18  to accidental infant head injuries was precluded from review because it was <u>NOT</u> a newly

19  discovered material fact (Answer, Ex. K: Decision Order at 1-2), and, therefore, this

20  claim did not satisfy the exception for filing an untimely appeal under Ariz. R. Crim. P.

21  32.1(e).  *See also*, Ariz. R. Crim. P. 32.2(b) (explaining that claims raised under Rule

22  32.1(e), such as PCR motions based on newly discovered evidence, are an exception to

23  the preclusion provisions of Rule 32).  This forecloses the possibility for Petitioner to

24  bring a "fourth" motion for PCR to exhaust this claim.

25        Consequently, the Court finds that the Petitioner's claims are precluded from

26  federal review because they have been procedurally defaulted in the state courts.

27

28        9


<u>Cause and Prejudice: Fundamental Miscarriage of Justice</u>

Procedural default precludes federal review of the claim unless the prisoner can demonstrate "cause and prejudice" or a "fundamental miscarriage of justice." *Teague*, 489 U.S. at 298; *Hughes v. Idaho State Board of Corrections*, 900 F.2d 904, 907-08 (9th Cir. 1986).

To demonstrate cause, a state prisoner must show that some objective factor external to the prisoner or his counsel impeded efforts to comply with the state's procedural rules. *Murray v. Carrier,* 477 U.S. 478, 488 (1977)*; Hughes,* 900 F.2d at 908-09.  To show prejudice, the prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982). To establish a fundamental miscarriage of justice, a state prisoner must establish by clear and convincing evidence that no reasonable juror could find him guilty of the offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Likewise the AEDPA's one-year statute of limitations is not a jurisdictional limitation and may be equitably tolled if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *See Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir.1997), *overruled in part on other grounds,* (quoting *Alvarez-Machain v. United States,* 107 F.3d 696, 701 (9th Cir.1997)).  Equitable tolling will not be available in most cases, as extensions of time will only be granted "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, . . .." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (applying equitable tolling where delay on the part of prison officials was beyond petitioner's control and petitioner demonstrated due diligence in submitting habeas petition). Petitioner bears the burden of proving his entitlement to the equitable tolling of his statute of limitations. *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003).

There is an open question as to whether the fundamental miscarriage of justice/actual innocence gateway exception for procedurally barred claims should also be extended to cases barred by the statute of limitations. *See Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir. 2002). In the Ninth Circuit, district courts are instructed to consider whether there has been a fundamental miscarriage of justice or risk violating the Suspension Clause of the United States Constitution, which ensures that "the privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." *Id.* at 776-77.

Here, the Petitioner complains that he had trouble getting his attorneys to file his state PCR motions to allege that his trial counsel was ineffective by failing to investigate, examine or pursue medical evidence related to accidental head injuries that cause deaths in infants. Instead, his PCR attorneys kept arguing that "newly discovered" medical evidence existed to support his defense theory that the infant victim's death was caused accidentally. Petitioner argues that this was ineffective assistance of counsel because it prevented him from exhausting PCR for the ineffective assistance of trial counsel claim related to the failure to present medical evidence of accidental head injuries that cause deaths in infants. The only other excuse Petitioner offers is that his PCR attorney failed to timely return his file to him. Neither excuse establishes some objective factor external to the Petitioner that prevented him from complying with the state's procedural rules or the AEDPA's statute of limitations.

Petitioner filed the third PCR motion *pro se* allegedly to correct the mis-presentation of the ineffective assistance of trial counsel claim related to the failure to investigate and pursue medical evidence related to accidental head injuries that cause death in infant victims. However, neither the Arizona Court of Appeals nor the Arizona Supreme Court of Arizona found his presentation of the issue in the third PCR motion to differ from the first or second PCR motions. In their opinions, Stern's third *pro se* PCR

motion was another attempt to frame his claim in terms of "newly discovered" information to satisfy this requirement of the Rule 32.1(e) exception to preclusion. Assuming, however, that Stern's third PCR motion was necessitated by his attorneys' failures to present his medical evidence claim related to accidental head-injury infant deaths as an ineffective assistance of trial counsel claim instead of a "newly discovered" evidence claim, there is no excuse for why it took one year and two months to file the third PCR motion. Petitioner knew that he could file a notice for PCR and later file the petition/memorandum supporting his request for PCR because this was the procedure he utilized in the first and second requests for PCRs. Additionally, Stern's presentation of his claims *pro se* in the third PCR motion establishes that he had received the requisite materials from his attorney by then so there is no excuse for his waiting another eleven months after the state courts denied the third PCR motion before filing this action.

There being no cause and prejudice showing by the Petitioner, the only way he can avoid dismissal of this action is to demonstrate evidence of actual innocence sufficient to bring him within the narrow class of cases implicating a fundamental miscarriage of justice, which occurs when a constitutional violation *has probably resulted* in the conviction of one who is actually innocent of the offense. *Smith v. Baldwin*, 466 F.3d 805, 811-812 (9th Cir. 2006) (citing *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 485) (emphasis added).

This gateway "actual innocence" claim differs from a substantive "actual innocence" claim. *Id.* at 812. The Supreme Court described the gateway showing in *Schlup,* 513 U.S. at 315-16, as being a less stringent standard than a substantive claim of actual innocence. *See also Carriger v. Stewart,* 132 F.3d 463, 476 (9th Cir.1997) *(en banc)* (suggesting that "a habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt and must affirmatively prove that he is probably innocent").

12

If Petitioner passes through the *Schlup* gateway, this Court is only permitted to review his underlying constitutional claims. *Smith*, 466 F.3d at 807. He will not be entitled to a declaration of actual innocence or to any relief outright. *Id.* "Under *Schlup,* 'a petitioner must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Id.* (citing *Schlup,* 513 U.S. at 327).

To determine whether Plaintiff makes this gateway showing, this Court may consider "all the evidence," including evidence excluded at trial, admitted illegally, or available only after the trial. *Id.* (citing *Schlup*, 513 U.S. at 328). Petitioner does not need to "'show that he is 'actually innocent' of the crime he was convicted of committing; instead, he must show that 'a court cannot have confidence in the outcome of the trial.'" *Id.* (quoting *Majoy,* 296 F.3d at 776 (quoting *Schlup,* 513 U.S. at 316). The inquiry is: can we have confidence that the petitioner committed the offense of which he was convicted?

In *House v. Bell,* --- U.S. ----, 126 S.Ct. 2064 (2006), the Supreme Court reaffirmed the viability of *Schlup* post-AEDPA. In *House,* the Court emphasized that the gateway actual innocence standard does not require absolute certainty about the petitioner's guilt or innocence," but rather requires only that a petitioner demonstrate that it is "more likely than not any reasonable juror would have reasonable doubt" regarding his guilt. *Id.* at 2077. The Court rejected any suggestion that the AEDPA had replaced the *Schlup* standard with a stricter test and found that the AEDPA's standard of review is inapplicable to a habeas petition seeking consideration of defaulted claims based on a showing of actual innocence," *Id.* at 2078.

The Respondent has not addressed Petitioner's gateway claim of actual innocence. Petitioner has filed a "Motion to Correct Traverse" and "Motion for Permission to Supplement Petitioner's Traverse with Dr. Plunkett's Preliminary Opinion" and "Motion for Permission to Supplement Petitioner's Traverse with Dr. Plunkett's Final

13

Opinion Once Complete." Dr. Plunkett, a forensic expert, offers his opinion that developments in science and medicine over the years since Petitioner's conviction support his theory that the victim's death was caused by an accidental head injury. Dr. Plunkett's report supports the expert opinion by Dr. Mendelsohn, already submitted by the Petitioner. Respondent objected to admission of the latter and most likely will object to the former, but this Court can not determine whether Petitioner passes through the actual innocence gateway without considering them, and the evidence that was presented at trial, excluded at trial, admitted illegally, or available only after the trial. The gateway analysis requires full briefing by the parties.

In light of the serious consequences of this analysis, the Court shall appoint counsel to represent Petitioner even though there is no constitutional right to the appointment of counsel in a civil case. *See, Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Randall v. Wyrick*, 642 F.2d 304, 307 n. 6 (8th Cir. 1981). The appointment of counsel in a civil case is required only when exceptional circumstances are present. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of a plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331 (9th Cir. 1986). The Court finds that exceptional circumstances exist to appointment counsel to represent the Petitioner.

The Court reviewed the second PCR filed by attorney Brick Storts and finds that Petitioner was well served by this representation. Mr. Storts is generally familiar with Petitioner's case, including his claim that medical evidence exists which supports his defense that an accidental injury caused the victim's death. The Court has contacted Mr. Storts, and he agrees to represent Petitioner. Mr. Storts is a member of the Criminal

14

Justice Reform Act (CJRA) panel from which this Court appoints counsel to represent financially eligible persons when the interests of justice so require, pursuant to 18 U.S.C. § 30006A.

**Accordingly,**

**IT IS ORDERED** that attorney, Brick Storts, is appointed pursuant to the CJRA to represent the Petitioner in this matter. The Clerk of the Court shall send a copy of this Order to Mr. Storts at 271 N. Stone Ave., Tucson, AZ 85701.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend/Correct the Traverse (document 31) and Motion to Supplement the Traverse (document 32) are GRANTED.

**IT IS FURTHER ORDERED** that the Answer requesting the Petition be denied and dismissed (document 24) is DENIED.

**IT IS FURTHER ORDERED** that within 30 days of the filing date of this Order, the Respondents shall file a Response to address Petitioner's gateway claim of actual innocence. Within 30 days thereafter, Petitioner's Reply shall be due. Respondent may file a sur-Reply with leave of the Court.

**IT IS FURTHER ORDERED** that, in the event this Court concludes that Petitioner has met the threshold actual innocence test, the Respondent shall have 30 days to file a dispositive motion responding to the merits of Petitioner's constitutional claims.

DATED this 22nd day of January, 2007.

David C. Bury
United States District Judge

*copy to Storts, Voucher by cjs 1/23/07*

15