# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph G. Stern, Sr., | ) |
|     Petitioner, | ) CV 06-16 TUC-DCB (JM) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Dora Schriro, et al., | ) |
|     Respondents. | ) |

Pending before the Court are Petitioner Joseph G. Stern, Sr.'s Petition for Writ of Habeas Corpus [Docket No. 1] filed under 28 U.S.C. § 2254. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

**I.    Discussion**

Petitioner is a state prisoner serving a life sentence following his conviction on two counts of child abuse and one count of felony murder arising from the death of a 2 year-old girl. In an order filed on January 24, 2007, District Judge Bury found Petitioner's federal habeas Petition barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(1), and procedurally defaulted under 28 U.S.C. § 2254(b). In reference to the statute of limitations, the District Court offered the following analysis:

> [T]he AEDPA's one-year statute of limitations is not a jurisdictional limitation and may be equitably tolled if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *See Calderon v. Untied*

> *States Dist Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1997)). Equitable tolling will not be available in most cases, as extensions of time will only be grated "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, . . .." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying equitable tolling where delay on the part of prison officials was beyond petitioner's control and petitioner demonstrated due diligence in submitting habeas petition). Petitioner bears the burden of proving his entitlement to the equitable tolling of his statute of limitations. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Order at 10, ECF No. 33. The District Court proceeded to analyze and reject Petitioner's claim that equitable tolling was available under the circumstances of this case:

> Here, the Petitioner complains that he had trouble getting his attorneys to file his state PCR motions to allege that his trial counsel was ineffective by failing to investigate, examine or pursue medical evidence related to accidental head injuries that cause deaths in infants. Instead, his PCR attorneys kept arguing that "newly discovered" medical evidence existed to support his defense theory that the infant victim's death was caused accidentally. Petitioner argues that this was ineffective assistance of counsel because it prevented him from exhausting PCR for the ineffective assistance of trial counsel claim related to the failure to present medical evidence of accidental head injuries that cause deaths in infants. The only other excuse Petitioner offers is that his PCR attorney failed to timely return his file to him. Neither excuse establishes some objective factor external to the Petitioner that prevented him from complying with the state's procedural rules or the AEDPA's statute of limitations.
>
> Petitioner filed the third PCR motion *pro se* allegedly to correct the mis-representation of the ineffective assistance of trial counsel claim related to the failure to investigate and pursue medical evidence related to accidental head injuries that cause death in infant victims. However, neither the Arizona Court of Appeals nor the Arizona Supreme Court of Arizona found his presentation of the issue in the third PCR motion to differ from the first or second PCR motions. In their opinions, Stern's third *pro se* PCR motion was another attempt to frame his claim in terms of "newly discovered" information to satisfy this requirement to the Rule 32.1(e) exception to preclusion. Assuming, however that Stern's third PCR motion was necessitated by his attorneys' failures to present his medical evidence claim related to accidental head-injury infant deaths as an ineffective assistance of trial counsel claim instead of a "newly discovered" evidence claim, there is no excuse for why it took one year and two months to file the third PCR motion. Petitioner knew that he could file a notice for PCR and later file

> the petition/memorandum supporting his request for PCR because this was the procedure he utilized in the first and second requests for PCRs. Additionally, Stern's presentation of his claims *pro se* in the third PCR motion establishes that he had received the requisite materials from his attorney by then so there is no excuse for his waiting another eleven months after the state courts denied the third PCR motion before filing this action.

*Id*. at 11-12.

Despite finding that the petition was untimely filed and that Petitioner was not entitled to equitable tolling, the District Court concluded that Petitioner could avoid dismissal if he could "demonstrate evidence of actual innocence sufficient to bring him within the narrow class of cases implicating a fundamental miscarriage of justice . . . ." *Id*. at 12. The District Court allowed Petitioner to proceed under an actual innocence theory only because:

> [t]here is an open question as to whether the fundamental miscarriage of justice/actual innocence gateway exception for procedurally barred claims should also be extended to cases barred by the statute of limitations. *See Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir. 2002).

Order at 11, ECF No. 33. The question is no longer open and the Ninth Circuit has ruled that the actual innocence exception is not available in cases barred by the statute of limitations.

On July 6, 2010, in *Lee v. Lampert*, No. 09-35276, 2010 WL 2652505 (9th Cir. July 6, 2010), the Ninth Circuit addressed the question of

> whether to recognize a judge-made exception to the statute of limitation for federal habeas relief in the case of a state prisoner who makes a showing of actual innocence in his original petition.

*Id*. at *1. Richard Lee had been convicted in Oregon of two counts of first-degree sexual abuse and two counts of sodomy of a four-year-old named Matthew. His conviction was affirmed on appeal and his postconviction claims were denied. *Id*.

Lee then turned to the federal courts and filed a petition for habeas relief which, based on the recommendation of a magistrate judge, was dismissed by the district court as untimely under the one-year federal statute of limitations provided in 28 U.S.C. § 2244(d)(1). *Id*. On appeal, the Ninth Circuit found that the district court "erred in *sua sponte* concluding that Lee's habeas petition was untimely filed . . . ," and reversed the dismissal. *Lee v. Lampert*,

3

92 Fed.Appx. 532, 532-33 (9th Cir. 2004). On remand, the magistrate judge again recommended denying the petition, but the district court disagreed. 2010 WL 2652505 at *1. After several evidentiary hearings, the district court granted the habeas petition, "finding that Lee established actual innocence and ineffective assistance of counsel . . . ." *Id*. (citing *Lee v. Lampert*, 607 F.Supp.2d 1204, 1221-22, 1226 (D. Or. 2009)).

On appeal, the State contended that Lee's petition was time-barred. 2010 WL 2652505 at *1. The court agreed. In the decision, the court initially notes that the petition was untimely filed and that an "actual innocence" exception is "notably absent" from the enumeration of exceptions to the one-year limitations period imposed by 28 U.S.C. § 2244(d)(1). *Id*. at *2. The court then turns to the question of whether Lee is nevertheless entitled to have his claims heard on the merits "if he makes a showing of actual innocence pursuant to *Schlup v. Delo*, [513 U.S. 298 (1995)] . . . ." 2010 WL 2652505 at *2. The court concludes first that there is no presumption of an actual innocence exception as there is for equitable tolling, and again notes that actual innocence is not an enumerated exception to section 2244(d). *Id.* Relying on the interpretive canon of *expressio unius est exclusio alterius*, the court states:

> That Congress created three exceptions to the general rule that the limitations period begins upon the conclusion of direct review indicates it did not intend other exceptions, and there is no evidence to the contrary.

*Id.* at *4. The court further supports this conclusion by noting that Congress, in 28 U.S.C. § 2254(b)(2), expressly provided an actual innocence exception to the bar against second and successive petitions and could have done so in section 2244(d) if it had intended such an exception to be available. *Id.* After addressing Lee's arguments to the contrary, the court finally concludes that "there is no *Schlup* actual innocence exception to override AEDPA's statute of limitations," and orders Lee's petition dismissed. *Id.* at *7.

The instant petition must be dismissed pursuant to *Lee v. Lampert*. The district court previously determined in this case that:

4

> The statute of limitations ran from when the mandate issued dismissing [Petitioner's] "second" PCR motion, **October 4, 2001,** to when the Petitioner filed the "third" PCR motion, **December 10, 2002,** because approximately one year and two months elapsed. An additional eleven months passed after his "third" PCR motion before Petitioner filed this action on **January 17, 2006.** His federal habeas Petition is barred by the statute of limitations.

Order at 11, ECF No. 33. Because the District Court also found Petitioner was not entitled to equitable tolling, and because the Ninth Circuit has concluded that there is no actual innocence exception to section 2244(d)'s time limitations, the petition must be dismissed.

## II. Recommendation

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, issue an Order **dismissing** Petitioner's Petition for Writ of Habeas Corpus filed January 17, 2006 (Doc. 1).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 06-016-TUC-DCB**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 13th day of July, 2010.

_Jacqueline Marshall_
Jacqueline Marshall
United States Magistrate Judge