UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph G. Stern, Sr., | ) |
| Petitioner, | ) CV 06-16-TUC-DCB |
| v. | ) |
| Dora B. Schriro, et al., | ) |
| Respondents. | ) **ORDER** |

On January 24, 2007, this Court found the Petition filed by Petitioner on January 17, 2006, was time barred and procedurally defaulted, but that because Petitioner argued his actual innocence, this case might fall within the narrow exception to dismissal under circumstances which would implicate a fundamental miscarriage of justice. (Order) (Doc. 33).

The Court found there was no cause or prejudice to excuse Petitioner's procedural default and no extraordinary circumstances beyond the prisoner's control to toll the running of the one-year statute of limitations. (Order at 10, 12.) Procedural default may also be excused when a prisoner demonstrates a fundamental miscarriage of justice by showing by clear and convincing evidence that no reasonable juror could find him guilty of the offense,

such as Petitioner's argument of actual innocence, if he prevailed. *Id.* (citations omitted). The Court noted, "There is an open question as to whether the fundamental miscarriage of justice/actual innocence gateway exception for procedurally barred claims should also be extended to cases barred by the statute of limitations." *Id.* at 10-11 (citations omitted). "In the Ninth Circuit, district courts are instructed to consider whether there has been a fundamental miscarriage of justice . . .." *Id.* at 11.

The Court found further briefing was necessary on the gateway question of actual innocence before it could determine whether the case was barred by the one-year statute of limitations for filing under the AEDPA, 28 U.S.C. 2244(d)(1). The Court referred this matter to Magistrate Judge Jacqueline Marshall on March 11, 2008, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On July 13, 2010, Magistrate Judge Marshall issued a Report and Recommendation (R&R). (Doc. 149) She recommends denying the Petition, pursuant to *Lee v. Lampert*, 610 F.3d 1125 (9th Cir. 2010), which precludes extending the one-year statute of limitation period to prevent the fundamental miscarriage of justice.

The Court accepts and adopts the Magistrate Judge's R&R (doc. 149) as the findings of fact and conclusions of law of this Court and denies the Petition for Writ of Habeas Corpus (doc. 1).

/////

/////

STANDARD OF REVIEW

- 2 -

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the R&R *de novo*.

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written

objections). The Court has considered *de novo* the questions raised by the Objection filed by the Petitioner, the Government's Response, and the Petitioner's Amended Reply.

PETITIONER'S OBJECTIONS

Essentially, Petitioner argues that his *Strickland* claim of ineffective assistance of counsel is a work in progress, with newly discovered evidence coming to light since the inception of this case. Petitioner argues that this Court's Order of January 24, 2007, left his claim of "newly discovered evidence" pending, and now the Court must reach his argument that the limitation period is tolled pursuant to 28 U.S.C. 2244(d)(1)(D). According to Petitioner, in his Traverse he argued his claim of ineffective assistance of counsel relied on newly discovered evidence for its factual basis, and his original *Strickland* claim plus two supplemental claims are all made cognizable and supported by new evidence that has been compiled between November 29, 2005 and 2009. (Objection at 2.)[1]

Under the AEDPA, "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of – . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2244(d)(1) (D).

This tolling provision does not save Petitioner because it does not allow him to leap-frog over state-exhaustion requirements. If Petitioner were dealing with a true "newly

---

[1]According to Petitioner, Dr. Mendelsohn, a retired neurosurgeon, provided his preliminary expert medical opinion on 11/29/2005. His attorney provided an affidavit on 12/23/2005, that he did not know of the medical literature which supported Plaintiff's accidental minor fall defense. (Objection at 3.) Neither were provided in time to include them in the Petition, which was filed 1/17/2006.

- 4 -

discovered" factual predicate for a claim, section 2244(d)(1)(D) would afford him one-year to present the claim to the state courts and subsequently proceed here if the claim is rejected there. The State of Arizona makes a similar allowance for seeking post conviction relief (PCR) based on newly discovered facts, under the Arizona Rules of Criminal Procedure, Rules 32.1(e) and 32.2(b).

It seems incongruous to argue ineffective assistance of trial counsel based on newly discovered evidence, but the Petitioner links the two together by arguing that newly discovered medical evidence makes it apparent how valuable such evidence would have been to his defense, which his attorney failed to discern and present in his case. (Traverse (doc. 30) at 14-15.) While he argues that the affidavit from his attorney makes his *Strickland* claim "newly discovered," this Court noted in its January 24, 2007, Order that this claim was procedurally defaulted in the state court. "Specifically, the state court found the claim that his trial counsel failed to investigate and/or pursue medical evidence related to accidental infant head injuries was precluded from review because it was NOT a newly discovered material fact (Answer (doc. 23), Ex. K: Decision at 1-2), and therefore, this claim did not satisfy the exception for filing an untimely appeal under Ariz. R Crim. P. 32.1(e)." (Order at 9.)

Petitioner did not urge this Petition on the basis of newly discovered scientific evidence, *id.* at 1, which had been urged and rejected in the state courts. On June 21, 2001, the Arizona Court of Appeals addressed both and denied his second PCR Rule 32-motion. It noted that the argument of newly discovered evidence related to "shaken baby syndrome" was raised and rejected in the first PCR proceeding. The court also rejected the newly-

- 5 -

discovered evidence argument as waived for failure to raise it in the first PCR proceeding and precluded any argument related to his claim that his co-defendant Fernane was involved in an automobile accident about a week before the incident that gave rise to the charges against Stern. (Answer, Ex. J: Decision at 5.)

Here, Petitioner argues his failure to timely raise his ineffective assistance of counsel claim was caused because his attorneys kept arguing newly discovered scientific evidence in his PCR proceedings. (Order at 10.) The Court rejected this argument because he filed the 3rd PCR motion, which as noted by the state court's was just another attempt to frame his claim as "newly discovered" to fit within the Rule 32.1(e) exception to preclusion. *Id.* This Court concluded that even if the 3rd PCR sufficed to exhaust this claim, it was filed one year and two months after disposition of the 2nd PCR, and Petitioner waited another eleven months to file his federal habeas claim. The Court found no excuse for the delay, and the claim was time barred by the one-year statute of limitations. *Id.*

Petitioner argues that the Court has allowed him to add a substantive claim of innocence based on newly discovered evidence, pursuant to an Order issued on February 16, 2007. (Order (doc. 35)). This Court did no such thing. The Court expressly struck Petitioner's Notice to Defendant of Intent to Seek Intervening "Freestanding Innocence" claim. The Court merely expressed its commitment to afford the parties full briefing of the gateway actual innocence argument. The Court explained that "if Petitioner raised arguments for the first time in his Reply, the Court would allow Respondent to file a sur-reply rather than strike as waived the otherwise late raised arguments." (Order (doc. 35) at 2.)

- 6 -

Accordingly, the Court rejects the Petitioner's Objections to the R&R. The Court incorporates and adopts its discussions, findings, and holdings in its Order issued on January 24, 2007, which were in large part quoted by the Magistrate Judge in her R&R at pages 1 through 3. The only reason this Court did not deny the Petition on January 24, 2007, was because it found there was an "open question as to whether the fundamental miscarriage of justice/actual innocence gateway exception for procedurally barred claims should also be extended to cases barred by the statute of limitations." *Id.* at 11 (citation omitted). The Court held that the law in the Ninth Circuit suggested the exception should apply, and accordingly both the procedural default and statute of limitations bars could be excepted in this case if Petitioner could make a gateway showing of actual innocence. Following *Lee v. Lampert*, such a showing will no longer excuse the statute of limitation bar. The Petition must be denied.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. 2253(c)(1)(A). This Court has authority to issue a Certificate of Appealability (COA), if the Petitioner has made a substantial showing that he was denied a federal constitutional right. 28 U.S.C. § 2253(c)(2). Pursuant to the Federal Rules Governing Section 2254 Proceedings, Rule 11, this Court must issue or deny a COA when it enters a final order adverse to the applicant.

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Martin*, 226 F.3d 1042, 1046 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The issue is somewhat more complicated where the district court dismisses the petition based on procedural grounds, without reaching the merits of the underlying claim, then the COA issues if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* The first step is to decide whether the petition raises a debatable constitutional question, then the question is whether the procedural issue raised in the petition is highly debatable. *Martin*, 226 F.3d at 1046.

/////

/////

/////

/////

Here, Petitioner's *Strickland* claim raises a debatable constitutional claim, but the Court denied the Petition on procedural grounds, which in light of the unequivocal holding in *Lee v. Lampert*, no jurists of reason would find debatable.

**Accordingly**,

**IT IS ORDERED** that the Order issued by this Court (doc. 33) is incorporated in its entirety and affirmed.

**IT IS FURTHER ORDERED** that after a full and independent review of the record, in respect to the objections filed by the Petitioner, the Magistrate Judge's R&R (149) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Petition (doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is NOT GRANTED.

DATED this 31st day of August, 2010.

David C. Bury
United States District Judge